```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ANTHONY LEROY DAVIS,**

                  **Petitioner,**

      v.                                       CASE NO. 21-3208-SAC

**JEFF ZMUDA,**

                  **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at Hutchinson Correctional Facility (HCF), proceeds pro se, and the Court has liberally construed the petition and attachments. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (holding courts must construe pro se pleadings liberally but not act as a pro se party's advocate). The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Petitioner to show cause why the Court should not dismiss all claims in this matter except his claim that he is being incarcerated after the conclusion of the imposed state-court sentence.

**Background**

In 1989, a jury convicted Petitioner of felony murder, aggravated arson, and aggravated robbery, and the Sedgwick County District Court sentenced him to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567 (1990) (*Davis I*); *Davis v. State*,

2021 WL 18903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. On direct appeal, the Kansas Supreme Court (KSC) affirmed Petitioner's convictions. *Davis I*, 247 Kan. at 574. Since that time, Petitioner has repeatedly filed in state court motions pursuant to K.S.A. 60-1507, collaterally attacking his convictions. *See Davis II*, 2021 WL 218903, at *1 (noting at least seven prior 60-1507 motions).

In 2016, while Petitioner was serving his sentence, he punched a correctional officer in the eye. *State v. Davis*, 2019 WL 50904367, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020. In 2017, a jury convicted him of battery of a law enforcement officer and in 2018, the Butler County District Court sentenced him to 65 months in prison. *Id.* at *2. On direct appeal, the Kansas Court of Appeals affirmed the conviction and, although Petitioner filed a petition for review with the KSC, he voluntarily dismissed the petition for review.

On September 7, 2021, Petitioner filed the petition for writ of habeas corpus that is currently before the Court. (Doc. 1.) Therein, he alleges multiple grounds for relief. In Ground 1, Petitioner asserts (1) he is being held in state custody beyond his term of imprisonment, in violation of the Eighth and Fourteenth Amendments to the United States Constitution; (2) the negligence of HCF staff and employees resulted in Petitioner being injured; (3) medical care and treatment were administered negligently; and (4) HCF operates over capacity. *Id.* at 6-7. In Ground 2, Petitioner asserts (1) certain HCF staff threatened and intimidated him "to stop tax assessment," in violation of his First Amendment rights; (2) staff enabled another inmate to attack him in retaliation for

Petitioner filing grievances; and (3) staff are unduly familiar with "security threat groups, unauthorized drugs, narcotics, [and] aggravated sexual activities." *Id.* at 7.

In Ground 3, Petitioner asserts that his continued imprisonment violates the Eighth and 13th Amendments to the United States Constitution and he suffers unconstitutional conditions of confinement. In Ground 4, Petitioner states:

> "11 Kan. J.L. [&] Pub. Pol'y 693, Kansas Prison Conditions and KDOC 'criminal-sentencing' in Kansas is a public policy control[l]ed by the United States Constitution, Article I, Section 9. Respondents Bill of Attainder or ex Post Facto laws shall NOT Stand. Secretary, Jeff Zmuda's Ignorant, incompetent, Titles of Nobility be insurrection!!!" *Id.* at 8.

In the portion of the form petition designated for Petitioner to identify the facts that support Ground 4, Petitioner discusses the requirement that he exhaust available administrative remedies before filing a civil action against a Kansas Department of Corrections employee. *Id.* It is unclear whether Ground 4 is intended to assert an independent ground for habeas relief or is intended simply to address the administrative remedies exhaustion requirement. In his request for relief, Petitioner asks this Court to enter a writ of habeas corpus ordering Petitioner's release and reimbursement of his costs. *Id.*

**Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts requires the Court to review a habeas petition when it is filed and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

### Claims about Conditions of Confinement

The petition includes multiple allegations that Petitioner's conditions of confinement violate various constitutional provisions. These conditions-of-confinement claims make up part of Ground 1, all of Ground 2, and part of Ground 3. But the petition seeks relief under 28 U.S.C. § 2241, which is the statute by which a prisoner may challenge "the fact or duration of a prisoner's confinement and seek[] the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). A petition for habeas relief is not the proper vehicle by which to challenge conditions of confinement and the conditions-of-confinement claims Petitioner asserts in this petition are subject to dismissal.[1]

To challenge unconstitutional conditions of confinement, a prisoner may bright a civil rights action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court notes

---

[1] The Court notes that it has previously made this point to Petitioner in *Davis v. Schnurr*, Case No. 20-3269-SAC. *See* 20-3269-SAC, Doc. 10, 2021 WL 1317824, at *2 (noting that a claim that "conditions of confinement violate his constitutional rights . . . must be presented in a civil rights complaint.").

that Petitioner recently filed a § 1983 action with this Court. See *Davis v. Schnurr*, Case No. 21-3205-SAC. On September 3, 2021, the Court issued on order in that case directing Petitioner to submit the required filing fee on or before October 4, 2021, or the case will be dismissed without prejudice. *Id.* at Doc. 5. If Petitioner chooses to pay the filing fee and pursue case number 21-3205-SAC, he may timely amend his complaint therein as needed to assert the conditions-of-confinement claims he has attempted to raise in the § 2241 petition currently before the Court.

## Thirteenth Amendment

In the remaining portion of Ground 3, Petitioner asserts that his continued imprisonment violates the Eighth and Thirteenth Amendments. The Thirteenth Amendment states: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. The Tenth Circuit has repeatedly held that under the plain language of the Thirteenth Amendment, the prohibition of "slavery or involuntary servitude" does not apply to prisoners. *See, e.g., Ruark v. Solano*, 928 F.2d 947, 949-50 (10th Cir. 1991), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *Fletcher v. Raemisch*, 768 Fed. Appx. 825, 827 (10th Cir. 2019) (unpublished opinion). Thus, Ground 3 fails to state a claim upon which federal habeas relief may be granted.

## Ground 4

As noted above, although Petitioner filled out the portion of the form petition designated for stating Ground 4 for relief and facts in support of Ground 4, he has not clearly identified a basis

for habeas relief in Ground 4. (Doc. 1, p. 8.) Even liberally construing the petition, the Court cannot discern a basis for relief in Ground 4.[2] Thus, Petitioner has failed to state a cognizable claim for federal habeas relief in Ground 4.

**Conclusion**

The petition filed in this case seeks, in part, relief not available under 28 U.S.C. § 2241. Thus, to the extent that Petitioner alleges unconstitutional conditions of confinement, those claims should be dismissed. In addition, Petitioner's Thirteenth Amendment claim cannot succeed, as the Tenth Circuit has repeatedly held that the constitutional bar on involuntary servitude does not apply to prisoners. And Ground 4 fails to articulate an identifiable ground for habeas relief.

The Court will grant Petitioner to and including October 11, 2021 to show cause, in writing, why these claims should not be dismissed. A failure to timely respond to this order will result in the summary dismissal of the claims as discussed above without further prior notice to Petitioner of these claims. Such dismissal will result in leaving as the sole ground for relief Petitioner's claim in Ground 1 that he is being unconstitutionally detained beyond the expiration of his sentenced terms of imprisonment.

---

[2] If Petitioner wishes to file an amended petition to clarify the basis for relief he asserts in Ground 4, he may file a complete and proper amended petition on or before October 11, 2021. If Petitioner submits an amended petition, however, it must be on court-approved forms and must be complete in and of itself. Any amended petition may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court, in this case or another. Any grounds for relief not included in the petition will not be considered before the Court. Petitioner must include the case number of this action (21-3208) on the first page of the amended petition.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including October 11, 2021, to show cause why Grounds 2, 3, 4, and the conditions-of-confinement claims in Ground 1 should not be dismissed. The failure to file a response may result in the dismissal of these claims without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 10th day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge