**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY LEROY DAVIS,**

                    **Petitioner,**

      v.                                         **CASE NO. 21-3208-SAC**

**JEFF ZMUDA,**

                      **Respondent.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's response to the Court's notice and order to show cause (NOSC) why the Court should not dismiss all claims in this matter except his claim that he is being incarcerated after the conclusion of the imposed state-court sentence. For the reasons stated in the NOSC, the Court will dismiss all claims in this matter other than the claim that Petitioner is being incarcerated after the conclusion of his state-court sentence. With respect to the remaining claim, the Court will dismiss it as a repetitive filing. Thus, the entire matter will be dismissed without prejudice.

**Background**

Petitioner was convicted in state court in 1989 and sentenced to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567 (1990) (*Davis I*); *Davis v. State*, 2021 WL 18903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while Petitioner was serving his sentence, he punched a correctional officer in the eye. *State v. Davis*, 2019 WL 50904367, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis*

*III*), *rev. denied* Sept. 24, 2020. In 2017, a jury convicted him of battery of a law enforcement officer and in 2018, the Butler County District Court sentenced him to 65 months in prison. *Id.* at *2.

On September 7, 2021, Petitioner filed the petition for writ of habeas corpus that is currently before the Court. (Doc. 1.) Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition when it is filed and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. After conducting this review, the Court concluded that most of Petitioner's asserted grounds for relief were subject to dismissal.

Specifically, the conditions-of-confinement claims that make up part of Ground 1, all of Ground 2, and part of Ground 3 are not appropriate in a petition for relief under 28 U.S.C. § 2241; they must be brought under 42 U.S.C. § 1983. *See West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted) (setting forth cause of action under § 1983); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (same for § 2241). Ground 3 also asserted that Petitioner's continued imprisonment violates the Eighth and Thirteenth Amendments, but the Tenth Circuit has repeatedly held that the Thirteenth Amendment's prohibition of "slavery or involuntary servitude" does not apply to prisoners. *See, e.g., Ruark v. Solano*, 928 F.2d 947, 949-50 (10th Cir. 1991), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *Fletcher v. Raemisch*, 768 Fed. Appx. 825, 827 (10th Cir. 2019) (unpublished opinion). Ground 4 did not clearly articulate a ground for relief.

Thus, the Court issued a NOSC on September 10, 2021, that directed Petitioner to show cause why the majority of his grounds for relief should not be dismissed for failure to state a claim upon which relief can be granted. (Doc. 3.) Such dismissal would result in leaving as the sole ground for relief Petitioner's claim in Ground 1 that he is being unconstitutionally detained beyond the expiration of his sentenced terms of imprisonment.

Petitioner timely filed a response. (Doc. 5.) Once again, because Petitioner is proceeding pro se, the Court liberally construes the response but may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Even liberally construing the response, however, Petitioner has not shown cause why the Court should not dismiss the majority of Petitioner's current claims for the reasons set forth in the NOSC.

Petitioner asks the Court to "reconsider Magisstrate's [*sic*] 9/10/2021, Pretrial-Order is clearly erroneous or contrary to Federal Law. id., As Follows:  Constitutional Procedural due process protection of Liberty, And Life, Property: Board of Regents v. Roth, 408 U.S. 564, 569 . . . [1972]." (Doc. 5, p. 1.) But *Board of Regents* addresses the procedural due process requirements of a prior hearing before the deprivation of an interest protected by the Fourteenth Amendment. 408 U.S. at 569-70. Petitioner fails to explain how that is relevant to the Court's NOSC. Similarly, Petitioner requests in his response that the Court enter declaratory judgment and order injunctive relief; neither of those requests is relevant to the subject-matter of the NOSC. (Doc. 5, p. 2.)

The remainder of Petitioner's response purports to "admit" or "deny" statements in the NOSC and concludes that the NOSC should be

"rejected." *Id.* at 2-3. Petitioner does not explain his "denial" of certain portions of the NSOC. Rather, he merely follows each statement of denial with legal terms. For example, regarding the portion of the NOSC's conclusion that directed Petitioner to show cause, Petitioner responds: "I deny PARA. [2]. Jurisdictional Callateral estoppled [*sic*]." (Doc. 5, p. 3.)

In short, Petitioner's response fails to show cause why the Court should not dismiss all of the grounds for relief in the petition except for Petitioner's claim in Ground 1 that he was being unconstitutionally detained beyond the expiration of his sentenced term of imprisonment. Thus, the Court will order those grounds dismissed.

The portion of Ground 1 that remains in this case alleges that Petitioner was not legally "in custody" at the time he allegedly assaulted a correctional officer, because his prior sentences had terminated. (Doc. 1, p. 6-7.) Petitioner has already raised this argument in a currently pending habeas action Petitioner filed in this Court in 2020. *See Davis v. Schnurr*, Case No. 20-3269-SAC, Doc. 1, p. 7 (Petition, filed Oct. 29, 2020), hereafter referred to as "the 2020 habeas." In that case, the Court issued a NOSC pointing out that this ground for relief appeared subject to dismissal because it was not exhausted in the state courts. *See id.*, Doc. 10, p. 2 (NOSC April 8, 2021).

"A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). As the Court noted in the 2020 habeas' NOSC:

> "Davis attempted to raise the issue of whether he was properly 'in custody' on the day of the offense [against the correctional officer] in a purported letter of additional authority [to the Kansas Court of Appeals] under Kansas Supreme Court Rule 6.09(b). The Court of Appeals found the issue had not been briefed and refused to address it." *See Davis v. Schnurr*, Case No. 20-3269-SAC, Doc. 10, p. 3-4.

Thus, the Court directed Petitioner to show cause why the ground for relief should not be dismissed for failure to exhaust. Although Petitioner filed a response to the NOSC, he did not address the Court's conclusion regarding exhaustion. *Id.*, Doc. 13, p. 2 (Memorandum and Order Oct. 1, 2021).

Petitioner has now filed an amended petition and a second amended petition in the 2020 habeas action, both of which appear to continue to raise this ground for relief. Thus, raising the ground for relief in the current federal habeas action is unnecessary and repetitive litigation. As such, this ground will be dismissed. *See Childs v.* Miller, 713 F.3d 1262, 1265 (10th Cir. 2013) ("Repetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious."); *Thomas v.* Mitchell, 2020 WL 68379 (D. Kan. Jan. 7, 2020) (memorandum and order).

In summary, the portion of Ground 1 arguing that Petitioner was not in legal custody on the day of the events underlying his 2017 battery conviction is dismissed as repetitious litigation. The remainder of Ground 1, all of Ground 2, and part of Ground 3 are dismissed because they seek relief available not available under 28 U.S.C. § 2241. The remainder of Ground 3 is dismissed because the Thirteenth Amendment's prohibition of slavery and involuntary servitude is inapplicable to prisoners. Ground 4 is dismissed for

failure to articulate an identifiable claim for federal habeas relief.

The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that this action is dismissed. No certificate of appealability shall issue.

**IT IS SO ORDERED**.

DATED:  This 13th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge